IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RENADA COLEMAN, ) <br> KENNETH HEWELL and ) <br> LATASHA HOLLAND, ) <br> on behalf of themselves and ) <br> all those similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NCO FINANCIAL SYSTEMS, INC., ) <br> ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. 1:10-cv-3285-TWT <br><br><br><br><br><br> ***COLLECTIVE ACTION*** <br> ***PURSUANT TO 29 U.S.C.*** <br> ***§ 216(b)*** |

## COMPLAINT

The PLAINTIFFS, on behalf of themselves and all other similarly situated persons, bring this collective action against the DEFENDANT to remedy and redress the injuries that the DEFENDANT has willfully caused the PLAINTIFFS and all Class Members in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

### *Jurisdiction and Venue*

1. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. Subject-matter jurisdiction is also conferred upon this Court by 29 U.S.C. § 216(b)

1

and by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.

### *The Parties*

### **Plaintiffs**

2.  PLAINTIFFS are former employees of DEFENDANT NCO FINANCIAL SYSTEMS, INC. ("DEFENDANT") who have been denied proper minimum wages and overtime compensation during the relevant period of their employment.

3.  Throughout the relevant period of this lawsuit, the PLAINTIFFS worked at DEFENDANT'S collection agency locations in Georgia within this judicial district.

4.  PLAINTIFF RENADA COLEMAN is a former employee of DEFENDANT and is a resident of the state of Georgia. She worked as a debt collector.

5.  PLAINTIFF KENNETH HEWELL is a former employee of DEFENDANT and is a resident of the state of Georgia. He worked as a debt collector.

6.  PLAINTIFF LATASHA HOLLAND is a former employee of DEFENDANT and is a resident of the state of Georgia. She worked as a debt collector.

## **Defendant**

7.  DEFENDANT NCO FINANCIAL SYSTEMS, INC. is a corporation doing business within this judicial district, and is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and is not exempt under the Act.

8.  DEFENDANT employed PLAINTIFFS as employees and therefore DEFENDANT is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and is not exempt under the Act.

9.  DEFENDANT is an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than $500,000.

## **The Class**

10.  The term "Class Members" as used in this complaint refers to those additional persons represented by the Plaintiffs pursuant to the collective action provision of 29 U.S.C. § 216(b).

11.  The Class is defined as:

> For the period since October 12, 2007:
>
> All hourly workers employed at any time by the Defendant to whom the Defendant failed to pay the minimum wage and overtime compensation required by federal law.

12. The Plaintiffs bring this case as a collective action for all Class Members, as defined above in ¶ 11, pursuant to the collective-action provision of 29 U.S.C. § 216(b).

## Factual Allegations

13. At all times relevant to this action, DEFENDANT has operated various debt collection agency locations in Georgia at which PLAINTIFFS and the Class Members worked.

14. Throughout their employment, PLAINTIFFS and the Class Members were paid an hourly wage.

15. Throughout their employment, PLAINTIFFS and the Class Members were engaged in commerce and were employed by an enterprise engaged in commerce within the meaning of the FLSA and therefore are expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

16. Throughout their employment, PLAINTIFFS and the Class Members were classified as a non-exempt employee for purposes of the FLSA.

17. Throughout their employment, the primary duties of PLAINTIFFS and the Class Members conformed to a very specific standard of conduct that did not involve the exercise of discretion and independent judgment.

18. Throughout their employment, the primary duties of PLAINTIFFS and the Class Members did not involve professional, administrative or managerial duties.

19. Throughout their employment, PLAINTIFFS and the Class Members used the telephone to contact debtors who resided in states outside Georgia in an effort to collect past due debts.

20. Throughout the employment of PLAINTIFFS and the Class Members, DEFENDANT did not pay PLAINTIFFS and the Class Members overtime compensation for work performed that totaled in excess of 40 hours in a workweek.

21. Throughout the employment of PLAINTIFFS and the Class Members, DEFENDANT did not pay PLAINTIFFS and the Class Members their proper minimum wages.

22. Throughout the employment of PLAINTIFFS and the Class Members, DEFENDANT'S management was aware of the extra hours PLAINTIFFS and the Class Members worked each week.

23. Throughout the employment of PLAINTIFFS and the Class Members, DEFENDANT'S management was aware of the extra hours PLAINTIFFS and the Class Members worked each week for which they were not compensated.

24. Throughout the employment of PLAINTIFFS and the Class Members, there is no evidence that the conduct of DEFENDANT that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

25. Throughout the employment of PLAINTIFFS and the Class Members, DEFENDANT knowingly, intentionally and willfully violated the FLSA by failing to pay PLAINTIFFS and the Class Members the overtime compensation and minimum wage compensation to which they were entitled.

26. In 2009, the United States Department of Labor ("DOL") initiated an investigation into violations of the FLSA by DEFENDANT in failing to pay employees proper overtime compensation.

27. After the DOL investigation was initiated, DEFENDANT'S manager announced to PLAINTIFFS and various other employees that any employee who spoke to or cooperated with the DOL investigation would be fired.

28. PLAINTIFFS COLEMAN and HEWELL cooperated with the DOL investigation.

29. In 2009, at various times, DEFENDANT'S attorney met with PLAINTIFFS COLEMAN and HEWELL during which PLAINTIFFS COLEMAN and HEWELL discussed their cooperation with the DOL

investigation and voiced their complaints about DEFENDANT'S failure to pay them proper overtime compensation.

30. After PLAINTIFFS COLEMAN and HEWELL met with DEFENDANT'S attorney, DEFENDANT fired PLAINTIFFS COLEMAN and HEWELL in retaliation for complaining about overtime violations and/or cooperating with the DOL investigation into FLSA violations by DEFENDANT.

## Collective-Action Allegations under 29 U.S.C. § 216(b)

31. The PLAINTIFFS seek to bring all claims arising under the FLSA on behalf of themselves individually and all other similarly situated employees of the DEFENDANT who worked in any pay period falling within three chronological years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered in this action and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

32. The PLAINTIFFS seek unpaid minimum wages, overtime wages, and liquidated damages.

33. The PLAINTIFFS and the Class Members, as defined above in ¶ 11, are similarly situated. The PLAINTIFFS and the Class Members worked

for DEFENDANT as non-exempt hourly workers performing similar job duties at DEFENDANT'S collection agency locations.

34.  PLAINTIFFS and the Class Members were each paid wages less than those required by 29 U.S.C. § 206(a) throughout their employment.

35.  PLAINTIFFS and the Class Members were not paid overtime compensation as required by 29 U.S.C. § 207 for any weekly pay period in which they were employed by DEFENDANT.  DEFENDANT required their employees to work more than 40 hours during each week without compensating their employees at one and a half times the regular rate of pay.

## CLAIMS AGAINST THE DEFENDANT

### *Count 1 – 29 U.S.C. § 206(a)*
**(Minimum Wages Due Under the FLSA)**

36.  PLAINTIFFS re-allege paragraphs 1-25 and 31-35 above and incorporate them by reference as if fully set forth herein.

37.  By engaging in the above-described conduct, DEFENDANT violated the FLSA with respect to PLAINTIFFS and the Class Members in failing to pay them wages at least equal to the applicable minimum hourly wage, in violation of 29 U.S.C. § 206(a).

38. By engaging in the above-described conduct, DEFENDANT knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFFS and the Class Members.

39. Throughout the relevant period of this lawsuit, there is no evidence that DEFENDANT'S conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

40. As a direct and proximate result of the above-described conduct, PLAINTIFFS and the Class Members have lost wages.

41. Due to DEFENDANT'S FLSA violations, the PLAINTIFFS and Class Members are entitled to recover from DEFENDANT their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

### *Count 2 – 29 U.S.C. § 207*
**(Overtime Compensation Due Under the FLSA)**

42. PLAINTIFFS re-allege paragraphs 1-25 and 31-35 above and incorporate them by reference as if fully set forth herein.

43. By engaging in the above-described conduct, DEFENDANT violated the FLSA with respect to PLAINTIFFS and the Class Members in

failing to pay them wages at a rate of 1.5 times their regular rate (or, at a minimum, the applicable minimum wage), for hours worked in excess of forty hours per week, in violation of 29 U.S.C. § 207.

44. By engaging in the above-described conduct, DEFENDANT knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFFS and the Class Members.

45. Throughout the relevant period of this lawsuit, there is no evidence that DEFENDANT'S conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

46. As a direct and proximate result of the above-described conduct, PLAINTIFFS and the Class Members have lost wages.

47. Due to DEFENDANT'S FLSA violations, the PLAINTIFFS and Class Members are entitled to recover from DEFENDANT their unpaid overtime compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

### *Count 3 – 29 U.S.C. § 215*

### (Retaliation Under the FLSA)

48. PLAINTIFFS COLEMAN and HEWELL re-allege paragraphs 1-30 above and incorporate them by reference as if fully set forth herein.

49. By engaging in the above-described conduct, DEFENDANT violated the FLSA with respect to PLAINTIFFS COLEMAN and HEWELL in firing them in retaliation for complaining about overtime violations by DEFENDANT and/or cooperating with the DOL investigation into FLSA violations by DEFENDANT.

50. By engaging in the above-described conduct, DEFENDANT knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFFS COLEMAN and HEWELL.

51. Throughout the relevant period of this lawsuit, there is no evidence that DEFENDANT'S conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

52. As a direct and proximate result of the above-described conduct, PLAINTIFFS COLEMAN and HEWELL have lost wages.

53. Due to DEFENDANT'S FLSA violations, PLAINTIFFS COLEMAN and HEWELL are entitled to recover from DEFENDANT their

back pay and front pay and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS respectfully pray that this Court do the following:

1. Issue a declaratory judgment that DEFENDANT has engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFFS and the Class Members;

2. Require DEFENDANT to pay PLAINTIFFS and the Class Members for lost compensation including applicable minimum wages and overtime compensation calculated at one and one-half times the proper normal rate that PLAINTIFFS and the Class Members would have received but for DEFENDANT'S unlawful conduct;

3. Require DEFENDANT to pay PLAINTIFFS and the Class Members liquidated damages as provided for under the FLSA;

4. Award PLAINTIFFS and the Class Members their reasonable attorneys' fees and costs and expenses of suit arising from DEFENDANT'S violations under the FLSA;

5. Issue a declaratory judgment that DEFENDANT has engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFFS COLEMAN and HEWELL in firing them in retaliation for complaining about overtime violations by DEFENDANT and/or cooperating with the DOL investigation into FLSA violations by DEFENDANT.

6. Require DEFENDANT to pay PLAINTIFFS COLEMAN and HEWELL for lost compensation that these PLAINTIFFS would have received but for DEFENDANT'S unlawful retaliatory conduct;

7. Require DEFENDANT to pay PLAINTIFFS COLEMAN and HEWELL liquidated damages as provided for under the FLSA for DEFENDANT'S retaliatory conduct;

8. Award PLAINTIFFS COLEMAN and HEWELL their reasonable attorneys' fees and costs and expenses of suit arising from DEFENDANT'S violations under the FLSA in firing them in retaliation for complaining about overtime violations by DEFENDANT and/or cooperating with the DOL investigation into FLSA violations by DEFENDANT.

9. Permit a trial by jury on all issues so triable; and

10. Provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFFS** hereby demand a jury trial on all claims for which they have a right to a jury.

*s/ Alan H. Garber*
Alan H. Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847
THE GARBER LAW FIRM, P.C.
Suite 14
4994 Lower Roswell Road
Marietta, GA  30068
(678) 560-6685
(678) 560-5067 (facsimile)
ahgarber@garberlaw.net
mngarber@garberlaw.net

**COUNSEL FOR PLAINTIFFS**
