# Exhibit A

# (Proposed Settlement Agreement – signed by all parties)

*Coleman, et al. v. NCO Financial Systems, Inc.*

## SETTLEMENT AGREEMENT, RELEASE & WAIVER

This Settlement Agreement, Release and Waiver ("Agreement") is made this 23rd day of April, 2012 by and between Renada Coleman, Kenneth Hewell and Latasha Holland (the "Named Plaintiffs"), each on his/her own behalf and on behalf of the collective action he/she purports to represent, and their respective agents, representatives, assignees, heirs, executors, beneficiaries and trustees and NCO Financial Systems, Inc. ("NCO") on behalf of itself, its parents, divisions, subsidiaries, predecessors, successors and affiliates, and its and their directors, officers, members, fiduciaries, insurers, employees, attorneys and agents (referred to as the "Company") (the Company and the Named Plaintiffs are collectively referred to herein as the "Parties"). By this Agreement, the Parties intend to fully, finally, and forever resolve, discharge, and settle the "Released Claims" (as defined below) in favor of the Company, upon and subject to the terms and conditions contained herein.

**WITNESSETH:**

**WHEREAS**, the Parties agree upon the following predicate procedural history and facts:

**A.** On October 12, 2010, the Named Plaintiffs commenced litigation in the U.S. District Court for the Northern District of Georgia (the "Court") captioned *Coleman, Hewell and Holland v. NCO Financial Systems, Inc.*, Civil Action No. 1:10-CV-3285-TWT, and on October 25, 2010, the Collective Action was amended to more accurately define the putative collective class and collective action claims (the "Collective Action"). In the Collective Action, the Named Plaintiffs assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA), arising out of the Company's alleged failure to properly pay wages, including overtime compensation. Named Plaintiffs Coleman and Hewell also assert retaliation claims under the FLSA.

**B.** Plaintiffs, through their counsel, Alan H. Garber and Marc Garber of the Garber Law Firm, P.C. ("Collective Action Counsel"), purport to bring the claims asserted in the Collective Action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and other current and former non-exempt employees who were employed as collectors by NCO in its Department of Education group ("DOE") and United Student Aid Funds ("USAF") group at its Norcross, Georgia location.

**C.** Prior to filing the Amended Complaint, an additional 6 persons filed consents to join the Collective Action as additional plaintiffs (the "Original Opt-In Plaintiffs"). The 6 persons are: Alisia Clarke, Fernande Kouakou-Ndri, Kalema Dunn, Cassandra Harris, Nailah Rasheed and Angela Mora.

**D.**     On September 30, 2011, the Parties filed the Joint Stipulation Specifying Damages Period.

**E.**     Prior to reaching this Agreement and in addition to the Named Plaintiffs and the Original Opt-In Plaintiffs, 12 more persons filed consents to join the Collective Action as additional plaintiffs.  The 12 persons are: Mark Banks, Gloria Fanfair, Mary Kight, Gerald LaGrone, Lavern Lynn, Crystal McNabb, Lucky Norwood, Audrey Roberts, Eula Spencer, Vance Towns, William Tull and Rosa Woodard (the "Early Opt-in Plaintiffs").

**F.**     The Company denies that it has committed any wrongdoing or violated any state or federal law pertaining to the payment of wages, hours of work or retaliation, and has defended the claims asserted in the Collective Action.

**G.**     The Parties participated in numerous telephone conferences, extensive arms-length and good faith settlement discussions that spanned over 4 months, culminating in a settlement conference held at defense counsel's Metairie, Louisiana office on January 12, 2012. During settlement negotiations, the Parties reached a settlement.  This Agreement memorializes the settlement reached between the Parties.

**H.**     Collective Action Counsel believes, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement to the Collective Action Members (as defined in ¶ J below), that the settlement as provided in this Agreement is in the best interest of the Collective Action Members and is a fair, reasonable, and adequate resolution of the Collective Action.

**I.**     Pursuant to this Agreement, the Parties desire and intend to settle and resolve the "Released Claims" (as defined in ¶ 10 below) as to the Company on a collective action basis.

**J.**     Pursuant to this Agreement, the Parties desire and intend to seek certification of the Collective Action under 29 U.S.C. § 216(b), composed of all current and former NCO non-exempt employees who worked as collectors at NCO's Norcross, Georgia offices in either NCO's DOE or USAF groups from October 12, 2008 through November 1, 2011, and who have computer log-in times greater than 40 hours in any workweek, after deducting non-compensable break periods (the "Collective Action Members").

**K.**     The Company represents that there are **116** Collective Action Members.

**L.**     To ensure that the settlement is in the best interests of the Plaintiffs and the Collective Action Members, the Company permitted extensive discovery of NCO's timekeeping records, payroll records, computer log-in data and computer work activity data, which included access to over a terabyte of electronic data.

**M.**    The Collective Action Members shall receive written notice of the settlement (the "Notice") and be entitled to receive a settlement payment upon timely submission of a completed Opt-in Consent Form (as discussed in ¶ 8 below).

**N.**    The Parties desire and intend to seek Court approval of the settlement of the Collective Action as set forth in this Agreement (the "Approval Order") and to seek an entry of Final Dismissal from the Court dismissing with prejudice the claims of all Collective Action Members who file Opt-in Consent Forms by the deadline as set forth herein ("Opt-In Members"). The date on which the Approval Order is entered is defined as the "Approval Date."

**O.**    The Parties and their respective counsel agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, and to oppose any objections to the proposed settlement.

   **NOW, THEREFORE**, in consideration of the foregoing premises and the mutual promises hereinafter set forth, the Parties agree as follows:

1.   **No Admission of Liability.** The Company expressly denies any wrongdoing or any violation of state or federal law as alleged in the Collective Action. Nothing contained in this Agreement shall be construed as an admission of any liability by any Party, and all Parties agree not to offer this Agreement as evidence or otherwise use it in any judicial or administrative proceeding, except that this Agreement may be introduced in any proceeding for the sole purpose of enforcing its terms.

2.   **Approval of Settlement.**

   a) All terms of this Agreement are contingent upon the approval of the Court.

   b) In the event that the Court does not approve the Agreement, the Company does not waive, and instead expressly reserves, its right to challenge the propriety of the § 216(b) collective action certification for any purpose as if this Agreement had not been entered into by the Parties.

   c) The Parties and their counsel will, contemporaneously with their execution of this Agreement, execute a Joint Motion to Approve Stipulated Collective Action Under 29 U.S.C. § 216(b) and Collective Action Settlement (the "Joint Motion"), seeking final approval of the proposed settlement, as evidenced by the Approval Order.

   d) The Parties agree that if the Court does not approve any material term in the Agreement or the Joint Motion, or requires as a condition to granting the Joint Motion any term that affects a material change in this Agreement, this Agreement may be voided at any Party's option. The Parties agree that any ruling that the

        Court issues regarding Collective Action Counsel's attorney's fees shall not constitute a material change in this Agreement, unless such award has the effect of increasing the total amount the Company must pay in complete settlement of all claims addressed by this Agreement.

3. **Settlement Collective Action (Opt-In Members).** The Collective Action Members shall include all current and former NCO non-exempt employees who worked as collectors at NCO's Norcross, Georgia office in either NCO's DOE or USAF groups from October 12, 2008 through November 1, 2011, and who have computer log-in times greater than 40 hours in any workweek. The "Opt-In Members" shall be all Collective Action Members who timely return a Opt-in Consent Form containing their consent to join the Collective Action.

4. **Settlement Payment**

   a) The Company agrees to pay a total sum not to exceed forty-seven thousand, eight hundred, two dollars and eighty-five cents ($47,802.85) (the "Total Settlement Amount") in order to fully and finally resolve the wage and overtime pay claims in their entirety for all Opt-In Members, inclusive of settlement administration costs; liquidated damages; and service payments to specific plaintiffs. The Company will also pay forty-seven thousand, five hundred dollars and no cents ($47,500) for all attorneys' fees, plus litigation costs. The Company will be responsible for standard state and federal taxes imposed on it by law as an employer as a result of payments made to Opt-In Members under this Agreement, but the Company shall not be responsible for any other taxes imposed by law on any Opt-In Members or any other sums in excess of the Total Settlement Amount.

   b) The Net Settlement Amount shall be the Total Settlement Amount, less: (i) $1,000 in litigation costs, (ii) $7,600 in service payments to the Named Plaintiffs, the 6 Original Opt-In Plaintiffs and the 12 Early Opt-in Plaintiffs; and (iii) an amount not to exceed $3,580 in Administrative Costs (as defined in ¶ 7) of the third-party administrator (TPA), who will be responsible to administer the mailing of notices to Collective Action Members, process Opt-in Consent Forms and distribute settlement funds to Opt-In Members.

   c) Any portion of the Net Settlement Amount that is unclaimed by Collective Action Members, or that have timely submitted a Opt-in Consent Form but failed to cash a check within a 60-day time period after issuance of the settlement check, shall revert back to the Company.

5. **Attorneys' Fees and Costs.**

   a) Subject to Court approval, Collective Action Counsel will receive $47,500.00 in

attorney's fees, plus his related litigation costs. The Company will not object to this application.

b) All service payments to the Named Plaintiffs, 6 Original Opt-in Plaintiffs and 12 Early Opt-in Plaintiffs and costs paid from the Total Settlement Amount shall reduce the Net Settlement Amount payable to the Opt-In Members.

c) The Company shall pay Collective Action Counsel the approved attorney's fees and related litigation costs within 10 business days of the entry of the Court's order approving Collective Action Counsel's attorney's fee application.

6. **Service Payments to the Named Plaintiff, Original Opt-In Members, and Early Opt-In Members.**

   Subject to Court approval, service payments totaling $7,600 will be made to the following: Named Plaintiffs (Renada Coleman, Kenneth Hewell, and Latasha Holland); Original Opt-in Plaintiffs (Alisia Clarke, Nailah Rasheed, Angela Mora, Fernande Kouakou-Ndri, Cassandra Harris and Kalema Dunn); and Early Opt-in Plaintiffs (Mark Banks, Gloria Fanfair, Mary Kight, Gerald LaGrone, Lavern Lynn, Crystal McNabb, Lucky Norwood, Audrey Roberts, Eula Spencer, Vance Towns, William Tull and Rosa Woodard). These service payments will be deducted from the Total Settlement Amount, which will reduce the Net Settlement Amount payable to Opt-In Members. These service payments are in addition to Claim Amounts that the Named Plaintiffs, Original Opt-in Plaintiffs and Early Opt-in Plaintiffs shall receive as Opt-In Members. Such service payments shall be distributed by the Third Party Administrator (the "TPA") in separate checks mailed contemporaneously with the mailing of Claim Amount checks and, as appropriate, shall be reported to state and federal taxing authorities as non-wage income on IRS Form 1099.

7. **Third Party Administrator (TPA).**

   a) The Parties have jointly retained and mutually agreed upon First Class, Inc. as the TPA to oversee the administration of the settlement and the notification to the Collective Action Members. The TPA will be responsible for mailing the approved Notices and Opt-in Consent Forms to the Collective Action Members, receiving the signed Opt-In Forms, and mailing the settlement checks to all eligible Opt-In Members. The Parties shall request that the TPA provide an estimate of fees and costs for all services in conjunction with the settlement of this Agreement (the "Administrative Costs") prior to the filing of the Joint Motion.

   b) All costs of administering the Parties' settlement, including all fees and costs paid to the TPA, which, depending on the opt-in rate, the parties estimate shall equal approximately, and in any event no more than, $3,580, shall be paid from

the Total Settlement Amount and shall reduce the Net Settlement Amount payable to Opt-In Members.

8. **Notice and Payment to Collective Action Members.**

   a) The Company shall, through the TPA, as expeditiously as possible but not to exceed 28 days from entry of the Approval Order, mail the Notices and Opt-in Consent Forms of the settlement to the Collective Action Members, as approved by the Court.

   b) Before sending the Notices or Claims Forms required in this paragraph, the TPA shall confirm and, if necessary, update the addresses for the Collective Action Members through the use of USPS. This address updating process will produce the last known address for the Collective Action Members. After completing the address updating process, the TPA shall send via first class U.S. mail a Notice of the settlement and an Opt-in Consent Form to each Collective Action Member at his or her last known valid address. If any Notice and Opt-in Consent Form mailer is returned with a new address, the Notice and Claims Form will be re-mailed by the TPA to the new address.

   c) The Opt-in Consent Form shall denote that the person returning the Opt-in Consent Form consents to become a party plaintiff in the Collective Action (Opt-In Member) and authorizes Collective Action Counsel to settle and release all wage and overtime pay claims against the Company. The TPA will submit a notarized statement to the Collection Action Counsel, which lists the Opt-In Members.

   d) To be eligible to receive a settlement check, a Collective Action Member must return the Opt-in Consent Form within 60 days from the postmark date on the envelope containing the Opt-in Consent Form sent by the TPA (the "Bar Date"). Upon the expiration of the 60-day Bar Date period, the TPA will compile and transmit the Opt-in Consent Forms it has received to Collective Action Counsel (with a copy of all such materials to counsel for the Company), and, within 14 days thereafter, Collective Action Counsel will file with the Court the TPA's notarized statement of Opt-In Members.

   e) Within 14 days of Collective Action Counsel filing the notarized statement of Opt-In Members with the Court, the Company will supply the checks to the TPA.

   f) Within 14 days of receiving the checks from the Company, the TPA will verify that the settlement checks are the proper Claim Amount for each Opt-in Member and mail the settlement checks to the Opt-In Members.

9. **Calculation of Each Opt-In Member's Individual Claim Amount.** Each Collective-Action Member who timely returns an Opt-in Consent Form, and thereby becomes an Opt-In Member, shall be eligible to receive a settlement payment. Each Opt-In Member's settlement payment will be determined based upon a pro-rata share of the Settlement Fund, depending upon the Opt-In Members' computer log-in time that exceeded 40 hours in a workweek from October 12, 2008 through November 1, 2011 (the "Settlement Period").

10. **Releases.** Upon the entry by the Court of a Final Dismissal, all Opt-In Members shall be deemed to fully, forever, irrevocably and unconditionally release, remise, and discharge the Company from any and all suits, actions, causes of action, claims, or demands against it based on putative violations of federal and state law pertaining to hours of work or payment of wages, including without limitation all claims that were asserted or could have been asserted in the Collective Action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, based on events that occurred or are alleged to have occurred from the beginning of time until the date of the Court order resulting in Final Approval (the "Released Claims").

    Those Original Opt-In Plaintiffs and Early-Opt-In Plaintiffs who do not return the Opt-in Consent Form by the Bar Date shall have up to thirty (30) days from the Bar Date during which to file his or her own lawsuit against the Company claiming violations of the FLSA; and such lawsuit shall be deemed to have been filed, for purposes of any applicable statute of limitations, on the date the individual filed his or her opt-in form in this lawsuit. However, after thirty (30) days have passed from the Bar Date, for any lawsuit filed by such individuals against the Company claiming violations of the FLSA, any applicable statute of limitations shall apply as of the date the lawsuit is filed.

11. **Dismissal of Actions.** Upon approval of the settlement terms and upon order of the Court, the Parties agree that this Collective Action shall be dismissed in its entirety, on the merits, as against defendant, with prejudice, and without costs to any party, except to the extent otherwise expressly provided in the Agreement. The dismissal of the Collective Action shall be with prejudice and without costs, waiving all rights of appeal, with the Court retaining jurisdiction over the case for purpose of ensuring compliance with the terms of this Agreement.

12. **Complete Agreement.** Other than as stated herein, the Parties warrant that no representation, promise, or inducement has been offered or made to induce any Party to enter into this Agreement and that they are competent to execute this Agreement and accept full responsibility therefore. This Agreement contains and constitutes the entire understanding and agreement between the Parties and supersedes all previous oral and written negotiations, agreements, commitments, and writings in connection therewith. This Agreement may not be amended or modified except by a writing signed by authorized representatives of all Parties.

13. **Knowing and Voluntary Agreement.** Named Plaintiffs and Collective Action Counsel agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. Named Plaintiffs further affirm that they have not been coerced, threatened, or intimidated into signing this Agreement and that they have been advised by counsel.

14. **Notices.** Any notices issued pursuant to the terms of this Agreement shall be sent to the Parties at the addresses of their respective counsel as follows:

| | |
|---|---|
| Alan H. Garber, Esq.<br>Marc Garber, Esq.<br>THE GARBER LAW FIRM, P.C.<br>4994 Lower Roswell Rd, Suite 14<br>Marietta, Georgia 64454<br>Telephone: (678) 560-6685<br>Facsimile: (678) 560-5067<br><br>*Collective Action Counsel* | David Israel, Esq.<br>Kevin G. Barreca, Esq.<br>SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.<br>3850 North Causeway Boulevard, Ste. 200<br>Metairie, Louisiana 70002-7227<br>Telephone: 504-828-3700<br>Facsimile: 504-828-3737<br><br>*Attorneys for Defendant,*<br>*NCO Financial Systems, Inc.* |

15. **Severability.** If any part of this Agreement is found to be illegal, invalid, inoperative or unenforceable in law or equity, such finding shall not affect the validity of any other provisions of this Agreement, which shall be construed, reformed and enforced to affect the purposes thereof to the fullest extent permitted by law. If one or more of the provisions contained in the Agreement shall for any reason be held to be excessively broad in scope, subject matter or otherwise, so as to be unenforceable at law, the Parties agree that such provision(s) shall be construed to be limited or reduced so as to be enforceable to the maximum extent under the applicable law.

16. **Joint Preparation.** This Agreement and all attached exhibits shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.

17. **Counterparts.** This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

18. **Governing Law.** This Agreement shall be interpreted in accordance with Georgia law.

**IN WITNESS WHEREOF**, the Parties and their duly authorized attorneys have caused this Agreement to be executed this 30th day of April 2012.

_____
Renada Coleman

_____
Kenneth Hewell


_____
Latasha Holland

_____
Alan H. Garber, Esq.
Marc Garber, Esq.
THE GARBER LAW FIRM, P.C.
4994 Lower Roswell Rd, Suite 14
Marietta, Georgia 64454
Telephone: (678) 560-6685
Facsimile: (678) 560-5067

*Collective Action Counsel*

NCO FINANCIAL SYSTEMS, INC.


By:_____
Joshua Gindin, Executive VP and General Counsel


_____
David Israel, Esq.
Kevin G. Barreca, Esq.
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.
3850 North Causeway Boulevard, Suite 200
Metairie, Louisiana 70002
Telephone: 504-828-3700
Facsimile: 504-828-3737

*Attorneys for Defendant,*
*NCO Financial Systems, Inc.*

\\sfnfs02\prolawdocs\7007\7007-26701\Coleman, Renada; Hewell, Kenneth; and Holland, Latasha, et al\682071.doc

**IN WITNESS WHEREOF**, the Parties and their duly authorized attorneys have caused this Agreement to be executed this ___ day of May 2012.

_____
Renada Coleman

_____
Kenneth Hewell

_____
Latasha Holland

_____
Alan H. Garber, Esq.
Marc Garber, Esq.
THE GARBER LAW FIRM, P.C.
4994 Lower Roswell Rd, Suite 14
Marietta, Georgia 64454
Telephone: (678) 560-6685
Facsimile: (678) 560-5067

*Collective Action Counsel*

NCO FINANCIAL SYSTEMS, INC.

By:_____
Joshua Gindin, Executive VP and General Counsel

_____
David Israel, Esq.
Kevin G. Barreca, Esq.
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.
3850 North Causeway Boulevard, Suite 200
Metairie, Louisiana 70002
Telephone: 504-828-3700
Facsimile: 504-828-3737

*Attorneys for Defendant,*
*NCO Financial Systems, Inc.*

\\sfnfs02\prolawdocs\7007\7007-26701\Coleman, Renada; Hewell, Kenneth; and Holland, Latasha, et al\682071.doc

**IN WITNESS WHEREOF**, the Parties and their duly authorized attorneys have caused this Agreement to be executed this  15th  day of May 2012.

_____
Renada Coleman


_____
Kenneth Hewell

*/s/ Latasha Holland*
_____
Latasha Holland

*/s/ Alan H. Garber*
_____
Alan H. Garber, Esq.
Marc Garber, Esq.
THE GARBER LAW FIRM, P.C.
4994 Lower Roswell Rd, Suite 14
Marietta, Georgia 64454
Telephone: (678) 560-6685
Facsimile: (678) 560-5067

*Collective Action Counsel*

NCO FINANCIAL SYSTEMS, INC.

By:_____
Joshua Gindin, Executive VP and General Counsel


_____
David Israel, Esq.
Kevin G. Barreca, Esq.
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.
3850 North Causeway Boulevard, Suite 200
Metairie, Louisiana 70002
Telephone: 504-828-3700
Facsimile: 504-828-3737

*Attorneys for Defendant,*
*NCO Financial Systems, Inc.*

\\sfnfs02\prolawdocs\7007\7007-26701\Coleman, Renada; Hewell, Kenneth; and Holland, Latasha, et al\682071.doc

**IN WITNESS WHEREOF**, the Parties and their duly authorized attorneys have caused this Agreement to be executed this _____ day of April 2012.

_____
Renada Coleman

_____
Kenneth Hewell

_____
Latasha Holland


_____
Alan H. Garber, Esq.
Marc Garber, Esq.
THE GARBER LAW FIRM, P.C.
4994 Lower Roswell Rd, Suite 14
Marietta, Georgia 64454
Telephone: (678) 560-6685
Facsimile: (678) 560-5067

*Collective Action Counsel*

NCO FINANCIAL SYSTEMS, INC.
By: _____
Thomas W. Arnst, Executive VP of Human Resources

_____
David Israel, Esq.
Kevin G. Barreca, Esq.
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.
3850 North Causeway Boulevard, Suite 200
Metairie, Louisiana 70002
Telephone: 504-828-3700
Facsimile: 504-828-3737

*Attorneys for Defendant,*
*NCO Financial Systems, Inc.*

\\sfnfs02\prolawdocs\7007\7007-26701\Coleman, Renada; Hewell, Kenneth; and Holland, Latasha, et al\682071.doc